**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 28, 2017

LETTER TO COUNSEL

    RE:    *Gary Rodney Watkins v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-602

Dear Counsel:

    Plaintiff Gary Rodney Watkins has filed a motion seeking payment of $5,107.71 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 22). In response, the Commissioner argued that the Court should order a reduced fee since the hours worked were excessive, and, in part, clerical. (ECF No. 24). I have considered those filings and Plaintiff's reply to the Commissioner's response. (ECF No. 27). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART.

    Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

    Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

*Gary Rodney Watkins v. Commissioner, Social Security Administration*
Civil No. SAG-16-602
March 28, 2017
Page 2

In this case, the Commissioner does not contest the hourly rate of $191.30, and does not contest that Plaintiff's attorney is entitled to receive a fee under the EAJA. The Commissioner's contentions are (1) that Plaintiff's counsel billed for some non-compensable clerical time and (2) that working 26.7 hours on this case was unreasonable.

Regarding the first issue, "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). Social Security plaintiffs in this district have access to a form complaint, with just four blank spaces requiring insertion of (1) the place plaintiff resides, (2) the plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision. That complaint requires limited factual information, no legal work, and could be completed by administrative staff in a matter of minutes. Although Mr. Watkins's attorney appears to have retyped the form complaint instead of simply filling in the blanks, the information provided could be filled in by a clerical employee (who could also have retyped the information). (ECF No. 1). Thus, I agree with the Commissioner and recommend that the 0.5 hour entry for "Preparation of Complaint" be disallowed as clerical work.

I also agree with the Commissioner that further reductions are appropriate for the entries stating "Receipt and review of Motion to Remand" and "Receipt and review of FDC Order remanding case to Commissioner. Correspondence to client re same." Plaintiff's counsel claimed a total of 1.6 hours of work for those two items. However, the Consent Motion to Remand is a three-sentence document, and the "FDC Order" granting the motion to remand is a paperless docket entry. Plaintiff's counsel is highly experienced in Social Security appeals and would not have taken 1.6 hours to draft correspondence to his client explaining the import of a consent remand. Accordingly, I will reduce those two entries by 1.1 hours to 0.5 hours, for a total reduction of 1.6 hours.

As to the second issue, I note that the remaining total of 25.1 hours, and the resulting total fee requested, places this case within the heartland of cases adjudicated in this court. Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours. *See, e.g., Faircloth v. Colvin*, Civil No. 2:13-cv-156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil No. 2:09-cv-29, 2012 WL 3155624, at * 5 (W.D.N.C. Aug. 2, 2012). Moreover, in this case, Plaintiff's memorandum in support of his summary judgment motion contained extensive citations to the record and to relevant legal precedent. (ECF No. 17-2). Although the Government's concern about the amount of time worked in comparison to the length of the record and the nature of the issues raised in the memorandum is not entirely unfounded, there is no obvious reason to disbelieve Plaintiff's assertion that his attorney spent almost 25 hours reviewing the administrative record and writing the memorandum to support the motion.

*Gary Rodney Watkins v. Commissioner, Social Security Administration*
Civil No. SAG-16-602
March 28, 2017
Page 3

Overall, the Commissioner provides no basis to question the billing entries claimed by Plaintiff's counsel, which appear to reasonably reflect the work performed in this case. Accordingly, no further reduction is warranted.

With the recommended reduction of 1.6 hours, 25.1 hours will be awarded. At $191.30 per hour, Plaintiff is entitled to an EAJA award of $4,801.63. Despite the minor reduction, the amount remains significantly above the heartland of recent EAJA fee awards in cases presenting in a similar procedural posture. *See Kuhn v. Comm'r*, Civil No. SAG-16-196 (March 23, 2017) (awarding fees in the amount of $3,314.32); *Brown v. Comm'r*, Civil No. SAG-16-501 (March 13, 2017) (awarding fees in the amount of $2,900.00); *Walters v. Comm'r*, Civil No. SAG-16-415 (March 13, 2017) (awarding fees in the amount of $3,550.00); *Griffin v. Comm'r*, Civil No. SAG-16-274 (March 13, 2017) (awarding fees in the amount of $4,500.00); *Longshore v. Comm'r*, Civil No. SAG-16-223 (March 13, 2017) (awarding fees in the amount of $4,000.00); *Easton v. Comm'r*, Civil No. SAG-16-530 (March 15, 2017) (awarding fees in the amount of $3,704.24). Accordingly, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART. A separate order will be filed herewith.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge